Query Reports Utilities Help What's New Log Out

CLOSED

# U.S. District Court
# Northern District of Georgia (Atlanta)
# CRIMINAL DOCKET FOR CASE #: 1:26-mj-01009-JKL All Defendants

| | |
|---|---|
| Case title: USA v. Small | Date Filed: 09/23/2026 |
| Other court case number: 3:26-CR-548-9 USDC Northern District of Texas | Date Terminated: 09/28/2026 |

---

Assigned to: Magistrate Judge John K. Larkins, III

**Defendant (1)**

| | | |
|---|---|---|
| **Jamel Allen Small**<br>*TERMINATED: 09/28/2026*<br>*also known as*<br>Paypawerk<br>*TERMINATED: 09/28/2026* | represented by | **Thomas L. Hawker**<br>Federal Defender Program Inc. - Atl<br>Centennial Tower<br>101 Marietta Street, NW<br>Suite 1500<br>Atlanta, GA 30303<br>404-688-7530<br>Fax: 404-688-0768<br>Email: thomas_hawker@fd.org<br>*ATTORNEY TO BE NOTICED*<br>*Designation: Public Defender or Community Defender Appointment* |

| **Pending Counts** | **Disposition** |
|---|---|
| None | |

**Highest Offense Level (Opening)**

None

| **Terminated Counts** | **Disposition** |
|---|---|
| None | |

**Highest Offense Level (Terminated)**

None

| **Complaints** | **Disposition** |
|---|---|
| 18:1349 | |

---

**Plaintiff**

**USA** represented by **Katherine Irene Terry**
Office of the United States Attorney-ATL600
Northern District of Georgia
600 United States Courthouse
75 Ted Turner Dr., S.W.
Atlanta, GA 30303
404-581-6000
Email: katie.terry@usdoj.gov
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

| Date Filed | # | Docket Text |
|---|---|---|
| 09/23/2026 | | Arrest (Rule 5(c)(3)) of Jamel Allen Small (ltt) (Entered: 09/24/2026) |
| 09/23/2026 | 1 | Minute Entry for proceedings held before Magistrate Judge John K. Larkins, III: Initial Appearance in Rule 5(c)(3) Proceedings as to Jamel Allen Small held on 9/23/2026. Defendant waives identity hearing, waiver filed. Government's motion for detention filed. (Tape #FTR) (ltt) (Additional attachment(s) added on 9/24/2026: # 1 Charging document) (ltt). (Entered: 09/24/2026) |
| 09/23/2026 | 2 | CJA 23 Financial Affidavit by Jamel Allen Small (ltt) (Entered: 09/24/2026) |
| 09/23/2026 | 3 | WAIVER of Rule 5 & 5.1 Hearings by Jamel Allen Small (ltt) (Entered: 09/24/2026) |
| 09/23/2026 | 4 | ORDER APPOINTING FEDERAL PUBLIC DEFENDER Thomas Hawker as to Jamel Allen Small. Signed by Magistrate Judge John K. Larkins, III on 9/23/2026. (ltt) (Entered: 09/24/2026) |
| 09/23/2026 | 5 | MOTION for Detention by USA as to Jamel Allen Small. (ltt) (Entered: 09/24/2026) |
| 09/23/2026 | 6 | Order Scheduling a Detention Hearing pursuant to Bail Reform Act by Judge John K. Larkins III as to Jamel Allen Small. Detention Hearing set for 9/25/2026 at 11:30 AM in ATLA Courtroom 1834 before Magistrate Judge John K. Larkins III. (ltt) (Entered: 09/24/2026) |
| 09/25/2026 | 7 | Minute Entry for proceedings held before Magistrate Judge John K. Larkins, III: Bond Hearing as to Jamel Allen Small (1) denying 5 Governments Motion for Detention. Bond set at $25,000. Bond not executed. Defendant to remain in U.S. Marshal's custody. The Court will stay this order until 9/28/2026 to allow the government to seek an appeal. Govt and defendant exhibits presented but not moved into evidence. (Tape #FTR) (ltt) (Entered: 09/30/2026) |
| 09/25/2026 | 8 | Unsecured Bond on Rule 5(c)(3) Entered as to Jamel Allen Small in amount of $25,000. (ltt) (Entered: 09/30/2026) |
| 09/25/2026 | 9 | ORDER Setting Conditions of Release as to Jamel Allen Small. Signed by Magistrate Judge John K. Larkins, III on 9/25/2026. (ltt) (Entered: 09/30/2026) |
| 09/28/2026 | 10 | COMMITMENT TO ANOTHER DISTRICT as to Jamel Allen Small. Defendant committed to District of Northern District of Texas. Signed by Magistrate Judge John K. Larkins, III on 9/28/2026. (ltt) (Entered: 09/30/2026) |

| | | |
|---|---|---|
| 09/28/2026 | | Magistrate Case Closed. Defendant Jamel Allen Small terminated. (ltt) (Entered: 09/30/2026) |
| 09/30/2026 | | Notice to Northern District of Texas of a Rule 5 or Rule 32 Initial Appearance as to Jamel Allen Small. Your case number is: 3:26-CR-548-9. The following documents are available on the public docket: 9 Order Setting Conditions of Release, 8 Bond on Rule 5(c)(3), 10 Commitment to Another District, 1 Initial Appearance - Rule 5(c)(3), 4 Order Appointing Public Defender, 5 Motion for Detention, 3 Waiver of Rule 5 Hearings, 7 Order on Governments Motion for Detention,, Bond Hearing,, Bond Set/Reset, 6 Order of Temp Detention/Scheduling a Detention Hearing. The clerk will transmit any restricted document via email. To request additional transfer information, please send a request to InterdistrictTransfer_GAND@gand.uscourts.gov. (ltt) (Entered: 09/30/2026) |
| 10/01/2026 | 11 | TRANSCRIPT of Proceedings as to Jamel Allen Small held on 9/25/2026, before Judge John K. Larkins III. Court Reporter/Transcriber Shannon R. Welch, RMR, CRR. A full directory of court reporters and their contact information can be found at www.gand.uscourts.gov/court-reporter-directory. Redaction Request due 10/22/2026. Redacted Transcript Deadline set for 11/2/2026. Release of Transcript Restriction set for 12/30/2026. (Attachments: # 1 Notice of Filing) (srw) (Entered: 10/01/2026) |

## CRIMINAL REMOVALS (RULE 5 & 5.1)

- **MAGISTRATE'S CRIMINAL MINUTES**
- **Initial Appearance**

| | | | |
|---|---|---|---|
| | | | **TIME IN COURT: 25 MINUTES** |
| **Filed in Open Court:** | **Date: 09/23/2026** | **Start Time 1:42 P.M.** | **Tape: FTR** |

MAGISTRATE JUDGE **JOHN K. LARKINS III** COURTROOM DEPUTY CLERK: Cynthia Mercado

| | | | |
|---|---|---|---|
| Case Number: | **1:26-MJ-1009-JKL** | Defendant's Name: | JAMEL ALLEN SMALL |
| AUSA: | Katie Terry | Defendant's Attorney: | Thomas Hawker |
| USPO/PTR: | Kinnetta Hamilton | Type Counsel: | (X) FDP ( ) CJA ( ) Retained |

| | | |
|---|---|---|
| X | ARREST DATE: | September 23, 2026 |
| X | INITIAL APPEARANCE HEARING HELD. | |
| | INTERPRETER: | |

**COUNSEL**

| | | | |
|---|---|---|---|
| X | ORDER appointing Federal Defender as counsel for defendant. | | ( ) INITIAL APPEARANCE ONLY. |
| | ORDER giving defendant | | to employ counsel. |

**REMOVAL HEARINGS**

| | | | |
|---|---|---|---|
| X | Defendant WAIVES identity hearing. | X | WAIVER FILED |
| | Identity hearing HELD. | | Defendant is named defendant in complaint / indictment. |
| | Defendant WAIVES preliminary hearing in this district only. | | WAIVER FILED |
| | Preliminary hearing HELD. | | Probable cause found. Defendant to answer to charges in other district. |
| | Preliminary hearing SET for | | |
| | Preliminary hearing HELD. | | Probable cause found; defendant held to District Court. |

**BOND/PRETRIAL DETENTION HEARING**

| | |
|---|---|
| X | Government's Motion for Detention Filed. |
| X | Detention Hearing scheduled for Friday, 9/25/2026 at 11:30 a.m. before Judge Larkins, CTRM 1834. |
| X | Temporary Detention Order Filed. |
| | |
| | |

AO 466A (Rev. 07/16) Waiver of Rule 5 & 5.1 Hearings (Complaint or Indictment)

# UNITED STATES DISTRICT COURT
for the
Northern District of Georgia

FILED IN OPEN COURT
U.S.D.C. - Atlanta
SEP 23 2026
KEVIN P. WEIMER, Clerk
By: CM Deputy Clerk

United States of America
v.
JAMEL ALLEN SMALL
*Defendant*

Case No. 1:26-MJ-1009-JKL

Charging District's Case No. 3:26-cr-548-9

## WAIVER OF RULE 5 & 5.1 HEARINGS
## (Complaint or Indictment)

I understand that I have been charged in another district, the *(name of other court)* United States District Court, Northern District of Texas.

I have been informed of the charges and of my rights to:

(1) retain counsel or request the assignment of counsel if I am unable to retain counsel;

(2) an identity hearing to determine whether I am the person named in the charges;

(3) production of the warrant, a certified copy of the warrant, or a reliable electronic copy of either;

(4) a preliminary hearing to determine whether there is probable cause to believe that an offense has been committed, to be held within 14 days of my first appearance if I am in custody and 21 days otherwise, unless I have been indicted beforehand.

(5) a hearing on any motion by the government for detention;

(6) request a transfer of the proceedings to this district under Fed. R. Crim. P. 20, to plead guilty.

I agree to waive my right(s) to:

☑ an identity hearing and production of the warrant.

☐ a preliminary hearing.

☐ a detention hearing.

☐ an identity hearing, production of the warrant, and any preliminary or detention hearing to which I may be entitled in this district. I request that any preliminary or detention hearing be held in the prosecuting district, at a time set by that court.

I consent to the issuance of an order requiring my appearance in the prosecuting district where the charges are pending against me.

Date: ____________

x [signature]
*Defendant's signature*

Thomas L Hawker [signature]
*Signature of defendant's attorney*

Thomas L. Hawker
*Printed name of defendant's attorney*

FILED IN OPEN COURT
U.S.D.C. - Atlanta

SEP 23 2026

KEVIN P. WEIMER, Clerk
By: Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>Plaintiff,<br><br>v.<br><br>JAMEL ALLEN SMALL<br><br>Defendant. | CRIMINAL ACTION FILE NO.<br><br>1:26-MJ-1009-JKL |

**ORDER APPOINTING COUNSEL**

**THOMAS HAWKER**

The above-named defendant has testified under oath or has filed with the Court an affidavit of financial status and hereby satisfied this Court that he or she is financially unable to employ counsel.

Accordingly, the **FEDERAL DEFENDER PROGRAM, INC.**, is hereby appointed to represent this defendant in the above-captioned case unless relieved by an Order of this Court or by Order of the Court of Appeals.

Dated at Atlanta, Georgia this 23rd day of September, 2026.

JOHN K. LARKINS III
United States Magistrate Judge

FILED IN OPEN COURT
U.S.D.C. - Atlanta

SEP 23 2026

KEVIN P. WEIMER, Clerk
By: Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>*v.*<br><br>Jamel Allen Small | Criminal Action No.<br><br>1:26-mj-1009 |

**Government's Motion for Detention**

The United States of America, by counsel, Theodore S. Hertzberg, United States Attorney, and Katherine I. Terry, Assistant United States Attorney for the Northern District of Georgia, moves for detention under 18 U.S.C. §§ 3142(e) and (f).

**1. Eligibility of Case**

This case is eligible for a detention order because this case involves:

☐ A crime of violence (18 U.S.C. § 3156);

☐ 18 U.S.C. § 1591 violation;

☐ An offense listed in 18 U.S.C. § 2332b(g)(5)(B) with 10+ year maximum term of imprisonment;

☐ An offense having a maximum sentence of life imprisonment or death;

☐ A drug offense having a maximum term of imprisonment of 10 years or more;

☐ Any felony, if the defendant has been convicted of two or more offenses described above or two or more state or local offenses that would have

been offenses described above if a circumstance giving rise to federal jurisdiction had existed, or a combination of such offenses;

☐ Any felony involving a minor that is not otherwise a crime of violence;

☐ Any felony that is not otherwise a crime of violence but which involves the possession/use of a firearm, destructive device, or any other dangerous weapon;

☐ Any felony that is not otherwise a crime of violence but which involves a failure to register under 18 U.S.C. § 2250;

☑ A serious risk that the defendant will flee;

☐ A serious risk that the defendant will obstruct or attempt to obstruct justice;

☐ A serious risk that the defendant will threaten, injure, or intimidate a prospective witness or juror, or attempt to do so.

**2. Reason for Detention**

The Court should detain defendant because there are no conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community.

**3. Rebuttable Presumption Under 18 U.S.C. § 3142(e)(3)**

☐ The United States will invoke the rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community pursuant to 18 U.S.C. § 3142(e)(3). The presumption applies because there is probable cause to believe that the defendant committed:

☐ A drug offense having a maximum term of imprisonment of 10+ year drug offense.

☐ An offense under 18 U.S.C. §§ 924(c), 956(a), or 2332b violation.

☐ An offense listed in 18 U.S.C. § 2332b(g)(5)(B) with 10+ year maximum term of imprisonment.

☐ An offense involving peonage, slavery, or trafficking in persons with 20+ year maximum term of imprisonment as set forth in section 77 of Title 18.

☐ An offense involving a MINOR victim under 18 U.S.C. §§ 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1), 2252(a)(2), 2252(a)(3), 2252A(a)(1), 2252A(a)(2), 2252A(a)(3), 2252A(a)(4), 2260, 2421, 2422, 2423 or 2425.

**4. Rebuttable Presumption Under 18 U.S.C. § 3142(e)(2)**

☐ The United States will invoke the rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of any other person and the community pursuant to 18 U.S.C. § 3142(e)(2). The presumption applies because:

This case involves an offense described in 18 U.S.C. § 3142(f)(1) and

(a) the defendant has been convicted of a federal offense that is described in 18 U.S.C. § 3141(f)(1) or of a state or local offense that would have been an offense described in 18 U.S.C. § 3141(f)(1) if a circumstance giving rise to federal jurisdiction had existed;

(b) the offense described above in subparagraph (a) was committed while the defendant was on release pending trial for a federal, state, or local offense; and

(c) a period of not more than five years has elapsed since the date of conviction, or the release of the person from imprisonment, for the offense described above in subparagraph (a), whichever is later.

**5. Time for Detention Hearing**

☐ The United States requests the Court conduct the detention hearing at initial appearance.

☑ The United States requests the Court conduct the detention hearing after a three-day continuance.

The United States requests leave of Court to supplement this motion with additional grounds or presumptions for detention.

Dated: September 23, 2026

Respectfully submitted,

Richard Russell Federal Building
75 Ted Turner Drive S.W., Suite 600
Atlanta, Georgia 30303-3309
Phone: (404) 581-6000
Fax: (404) 581-6181

THEODORE S. HERTZBERG
United States Attorney

*Katherine I. Terry*
Katherine I. Terry
Assistant U.S. Attorney
Georgia Bar No. 229887

**Certificate of Service**

I served this document today by handing a copy to defense counsel.

Dated: September 23, 2026

Katherine I. Terry

KATHERINE I. TERRY
Assistant U.S. Attorney

AO 470 (Rev. 01/09) Order Scheduling a Detention Hearing

FILED IN OPEN COURT
U.S.D.C. - Atlanta

SEP 23 2026

KEVIN P. WEIMER, Clerk
By: [signature] Deputy Clerk

# UNITED STATES DISTRICT COURT
for the
Northern District of Georgia

United States of America
v.
JAMEL ALLEN SMALL
*Defendant*

Case No. 1:26-MJ-1009-JKL

## ORDER SCHEDULING A DETENTION HEARING

A detention hearing in this case is scheduled as follows:

| | |
|---|---|
| Place: U. S. COURTHOUSE<br>75 TED TURNER DRIVE, S. W.<br>ATLANTA, GEORGIA 30303 | Courtroom No.: 1834<br>Date and Time: 9/25/26 11:30am |

**IT IS ORDERED:** Pending the hearing, the defendant is to be detained in the custody of the United States marshal or any other authorized officer. The custodian must bring the defendant to the hearing at the time, date, and place set forth above.

Date: 9/23/26

[signature]
*Judge's signature*

John K. Larkins III, United States Magistrate Judge
*Printed name and title*

## CRIMINAL REMOVALS (RULE 5 & 5.1)

- **MAGISTRATE'S CRIMINAL MINUTES**
- **Detention Hearing**

| | | | |
|---|---|---|---|
| | | | **TIME IN COURT: 1HR and 26 MINUTES** |
| **Filed in Open Court:** | **Date: 09/25/2026** | **Start Time 11:42 A.M.** | **Tape: FTR** |

MAGISTRATE JUDGE **JOHN K. LARKINS III** COURTROOM DEPUTY CLERK: Cynthia Mercado

| | | | |
|---|---|---|---|
| Case Number: | **1:26-MJ-1009-JKL** | Defendant's Name: | JAMEL ALLEN SMALL |
| AUSA: | Katie Terry | Defendant's Attorney: | Thomas Hawker |
| USPO/PTR: | Skyra Watson | Type Counsel: | (X) FDP ( ) CJA ( ) Retained |

### BOND/PRETRIAL DETENTION HEARING

| | | |
|---|---|---|
| X | Bond Hearing Held. | |
| X | Government's Motion for Detention [Doc. 5] is DENIED. | |
| X | BOND set at $25,000 | (X) NON-SURETY ( ) SURETY |
| X | Bond Not Executed. Defendant to remain in U.S. Marshal's custody. The Court will stay this order until 9/28/2026 to allow the government to seek an appeal. | |

### EXHIBITS ADMITTED

| |
|---|
| Government's Exhibits: 1 through 21 presented but not moved into evidence. |
| |
| Defendant's Exhibit: 1 presented but not moved into evidence. |
| |

### ORIGINAL EXHIBITS

| | |
|---|---|
| X | Not Forwarded to the Clerk's Office. |

AO 98 (Rev. 12/11) Appearance Bond

FILED IN OPEN COURT
U.S.D.C. - Atlanta

SEP 25 2026

KEVIN P. WEIMER, Clerk
By: [signature] Deputy Clerk

# UNITED STATES DISTRICT COURT
for the
Northern District of Georgia

United States of America
v.
JAMEL ALLEN SMALL
*Defendant*

Case No. 1:26-MJ-1009-JKL

## APPEARANCE BOND

### Defendant's Agreement

I, JAMEL ALLEN SMALL *(defendant)*, agree to follow every order of this court, or any court that considers this case, and I further agree that this bond may be forfeited if I fail:

( X ) to appear for court proceedings;
( X ) if convicted, to surrender to serve a sentence that the court may impose; or
( X ) to comply with all conditions set forth in the Order Setting Conditions of Release.

### Type of Bond

(  ) (1) This is a personal recognizance bond.

( X ) (2) This is an unsecured bond of $ 25,000 .

(  ) (3) This is a secured bond of $ ________________ , secured by:

(  ) (a) $ ____________ , in cash deposited with the court.

(  ) (b) the agreement of the defendant and each surety to forfeit the following cash or other property *(describe the cash or other property, including claims on it – such as a lien, mortgage, or loan – and attach proof of ownership and value)*:

If this bond is secured by real property, documents to protect the secured interest may be filed of record.

(  ) (c) a bail bond with a solvent surety *(attach a copy of the bail bond, or describe it and identify the surety)*:

### Forfeiture or Release of the Bond

*Forfeiture of the Bond.* This appearance bond may be forfeited if the defendant does not comply with the above agreement. The court may immediately order the amount of the bond surrendered to the United States, including the security for the bond, if the defendant does not comply with the agreement. At the request of the United States, the court may order a judgment of forfeiture against the defendant and each surety for the entire amount of the bond, including interest and costs.

*Release of the Bond.* The court may order this appearance bond ended at any time. This bond will be satisfied and the security will be released when either: (1) the defendant is found not guilty on all charges, or (2) the defendant reports to serve a sentence.

**Declarations**

*Ownership of the Property.* I, the defendant – and each surety – declare under penalty of perjury that:

(1) all owners of the property securing this appearance bond are included on the bond;
(2) the property is not subject to claims, except as described above; and
(3) I will not sell the property, allow further claims to be made against it, or do anything to reduce its value while this appearance bond is in effect.

*Acceptance.* I, the defendant – and each surety – have read this appearance bond and have either read all the conditions of release set by the court or had them explained to me. I agree to this Appearance Bond.

I, the defendant – and each surety – declare under penalty of perjury that this information is true. (See 28 U.S.C. § 1746.)

Date: ______________ 	x [signature]
*Defendant's signature*

*Surety/property owner – printed name* 	*Surety/property owner – signature and date*

*Surety/property owner – printed name* 	*Surety/property owner – signature and date*

*Surety/property owner – printed name* 	*Surety/property owner – signature and date*

*CLERK OF COURT*

Date: ______________

*Signature of Clerk or Deputy Clerk*

Approved.

Date: 9/25/26 	[signature] III
*Judge's signature*

# UNITED STATES DISTRICT COURT

for the

Northern District of Georgia

FILED IN OPEN COURT
U.S.D.C. - Atlanta

SEP 25 2026

KEVIN P. WEIMER, Clerk
By: [signature] Deputy Clerk

United States of America
v.
JAMEL ALLEN SMALL
*Defendant*

Case No. 1:26-MJ-1009-JKL

## ORDER SETTING CONDITIONS OF RELEASE

IT IS ORDERED that the defendant's release is subject to these conditions:

(1) The defendant must not violate federal, state, or local law while on release.

(2) The defendant must cooperate in the collection of a DNA sample if it is authorized by 34 U.S.C. § 40702.

(3) The defendant must advise the court or the pretrial services office or supervising officer in writing before making any change of residence or telephone number.

(4) The defendant must appear in court as required and, if convicted, must surrender as directed to serve a sentence that the court may impose.

The defendant must appear at: ______________________
*Place*

______________________

on ______________________
*Date and Time*

If blank, defendant will be notified of next appearance.

(5) The defendant must sign an Appearance Bond, if ordered.

## ADDITIONAL CONDITIONS OF RELEASE

Pursuant to 18 U.S.C. § 3142(c)(1)(B), the court may impose the following least restrictive condition(s) only as necessary to reasonably assure the appearance of the person as required and the safety of any other person and the community.

IT IS FURTHER ORDERED that the defendant's release is subject to the conditions marked below:

( ☐ ) (6) The defendant is placed in the custody of:
Person or organization ______
Address *(only if above is an organization)* ______
City and state ______ Tel. No. ______
who agrees to (a) supervise the defendant, (b) use every effort to assure the defendant's appearance at all court proceedings, and (c) notify the court immediately if the defendant violates a condition of release or is no longer in the custodian's custody.

Signed: ______ ______
*Custodian* *Date*

( ☒ ) (7) The defendant must:

( ☒ ) (a) submit to supervision by and report for supervision to the U.S. ~~Probation Office~~ Pretrial Services, telephone number 404-215-1950, no later than before leaving the courthouse.
( ☒ ) (b) continue or actively seek employment.
( ☒ ) (c) ~~continue or start an education program.~~
( ☒ ) (d) surrender any passport to: U. S. Probation Office
( ☒ ) (e) not obtain a passport or other international travel document.
( ☒ ) (f) abide by the following restrictions on personal association, residence, or travel: Reside at address provided to U.S. Pretrial Services and do not change your address or telephone number without written Pretrial Services pre-approval
( ☒ ) (g) avoid all contact, directly or indirectly, with any person who is or may be a victim or witness in the investigation or prosecution, including: any and all co-defendants and/or unindicted co-conspirators
( ☐ ) (h) get medical or psychiatric treatment: ______
( ☐ ) (i) return to custody each ______ at ______ o'clock after being released at ______ o'clock for employment, schooling, or the following purposes: ______
( ☐ ) (j) maintain residence at a halfway house or community corrections center, as the pretrial services office or supervising officer considers necessary.
( ☒ ) (k) not possess a firearm, destructive device, or other weapon. * must remove all firearms by 4pm 9/25/26
( ☒ ) (l) not use alcohol ( ☐ ) at all ( ☒ ) excessively.
( ☒ ) (m) not use or unlawfully possess a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner.
( ☐ ) (n) submit to testing for a prohibited substance, if required by the pretrial services office or supervising officer. Testing may be used with random frequency and may include urine testing, wearing a sweat patch, submitting to a breathalyzer, and/or any other form of prohibited substance screening or testing. The defendant must not obstruct, attempt to obstruct, or tamper with the efficiency and accuracy of substance screening or testing of prohibited substances.
( ☐ ) (o) participate in a program of inpatient or outpatient substance use treatment, if directed by the pretrial services office or supervising officer.
( ☐ ) (p) participate in the remote alcohol testing program using continuous electronic alcohol testing and comply with its requirements as directed, including not consuming alcohol.
( ☐ ) pay all or part of the cost of remote alcohol testing, including equipment loss or damage, based upon your ability to pay, as determined by the pretrial services or supervising officer.
( ☒ ) (q) participate in the location monitoring program and comply with the requirements, as directed in subsections i, ii, and iii.

i. Following the location restriction component **(check one)**:

( ☐ ) (1) **Curfew.** You are restricted to your residence every day ( ☐ ) from ______ to ______, or ( ☐ ) as directed by the pretrial services office or supervising officer; or
( ☐ ) (2) **Home Detention.** You are restricted to your residence at all times except for employment; education; religious services; medical, substance use, or mental health treatment; attorney visits; court appearances; court-ordered obligations; activities approved by the court; or essential activities approved in advance by the pretrial services office or supervising officer; or
( ☐ ) (3) **Home Incarceration.** You are restricted to 24-hour-a-day lockdown at your residence except for medical necessities and court appearances or activities specifically approved by the court; or
( ☒ ) (4) **Stand-Alone Monitoring.** You have no residential component (curfew, home detention, or home incarceration) restrictions. However, you must comply with the location or travel restrictions as imposed by the court. **Note:** Stand-alone monitoring should be used in conjunction with global positioning system (GPS) or virtual mobile application technology.

## ADDITIONAL CONDITIONS OF RELEASE

(ii) submit to the following location monitoring technology **(check one)**:

( ☐ ) (1) Location monitoring technology as directed by the pretrial services or supervising officer; or
( ☒ ) (2) GPS; or
( ☐ ) (3) Radio Frequency; or
( ☐ ) (4) Voice Recognition; or
( ☐ ) (5) Virtual Mobile Application. You must allow the pretrial services or supervising officer to conduct initial and periodic inspections of the mobile device and mobile application to verify that 1) the monitoring software is functional, 2) the required configurations (e.g., locational services) are unaltered, and 3) no efforts have been made to alter the mobile application.

(iii) ( ☒ ) pay all or part of the cost of location monitoring, including equipment loss or damage, based upon your ability to pay, as determined by the pretrial services or supervising officer

( ☒ ) (r) report as soon as possible, to the pretrial services or supervising officer, every contact with law enforcement personnel, including arrests, questioning, or traffic stops.

( ☒ ) (s) Defendant's travel is restricted to the Northern District of Georgia, and may travel to N.D Texas for court-related obligations unless the supervising officer has approved travel in advance.

(t) Defendant shall not open any new bank accounts or lines of credit without prior approval

(u) may not use the telegram app on any device and he ~~may~~ must allow a search of devices to ensure he ~~has~~ does not have access to the telegram platform.

## ADVICE OF PENALTIES AND SANCTIONS

TO THE DEFENDANT:

YOU ARE ADVISED OF THE FOLLOWING PENALTIES AND SANCTIONS:

Violating any of the foregoing conditions of release may result in the immediate issuance of a warrant for your arrest, a revocation of your release, an order of detention, a forfeiture of any bond, and a prosecution for contempt of court and could result in imprisonment, a fine, or both.

While on release, if you commit a federal felony offense the punishment is an additional prison term of not more than ten years and for a federal misdemeanor offense the punishment is an additional prison term of not more than one year. This sentence will be consecutive (*i.e.*, in addition to) to any other sentence you receive.

It is a crime punishable by up to ten years in prison, and a $250,000 fine, or both, to: obstruct a criminal investigation; tamper with a witness, victim, or informant; retaliate or attempt to retaliate against a witness, victim, or informant; or intimidate or attempt to intimidate a witness, victim, juror, informant, or officer of the court. The penalties for tampering, retaliation, or intimidation are significantly more serious if they involve a killing or attempted killing.

If, after release, you knowingly fail to appear as the conditions of release require, or to surrender to serve a sentence, you may be prosecuted for failing to appear or surrender and additional punishment may be imposed. If you are convicted of:

(1) an offense punishable by death, life imprisonment, or imprisonment for a term of fifteen years or more – you will be fined not more than $250,000 or imprisoned for not more than 10 years, or both;
(2) an offense punishable by imprisonment for a term of five years or more, but less than fifteen years – you will be fined not more than $250,000 or imprisoned for not more than five years, or both;
(3) any other felony – you will be fined not more than $250,000 or imprisoned not more than two years, or both;
(4) a misdemeanor – you will be fined not more than $100,000 or imprisoned not more than one year, or both.

A term of imprisonment imposed for failure to appear or surrender will be consecutive to any other sentence you receive. In addition, a failure to appear or surrender may result in the forfeiture of any bond posted.

### Acknowledgment of the Defendant

I acknowledge that I am the defendant in this case and that I am aware of the conditions of release. I promise to obey all conditions of release, to appear as directed, and surrender to serve any sentence imposed. I am aware of the penalties and sanctions set forth above.

[signature]
*Defendant's Signature*

*City and State*

### Directions to the United States Marshal

( ✓ ) The defendant is ORDERED released after processing. ** The court will stay this order until 9/28/26 @ noon to allow the government to seek an appeal

( ) The United States marshal is ORDERED to keep the defendant in custody until notified by the clerk or judge that the defendant has posted bond and/or complied with all other conditions for release. If still in custody, the defendant must be produced before the appropriate judge at the time and place specified.

Date: 9/25/26

[signature]
*Judicial Officer's Signature*

JOHN K. LARKINS III, U.S. MAGISTRATE JUDGE
*Printed name and title*

DISTRIBUTION: COURT DEFENDANT PRETRIAL SERVICE U.S. ATTORNEY U.S. MARSHAL

AO 94 (Rev. 06/09) Commitment to Another District

# UNITED STATES DISTRICT COURT
for the
Northern District of Georgia

FILED IN OPEN COURT
U.S.D.C. - Atlanta

SEP 28 2026

KEVIN P. WEIMER, Clerk
By: [signature] Deputy Clerk

United States of America
v.
JAMEL ALLEN SMALL
*Defendant*

Case No. 1:26-MJ-1009-JKL

Charging District's
Case No. 3:26-CR-548-9

**COMMITMENT TO ANOTHER DISTRICT**

The defendant has been ordered to appear in the USDC Northern District of Texas,
*(if applicable)* __________ division. The defendant may need an interpreter for this language: __________.

The defendant: ☐ will retain an attorney.
☑ is requesting court-appointed counsel.

The defendant remains in custody after the initial appearance.

**IT IS ORDERED:** The United States marshal must transport the defendant, together with a copy of this order, to the charging district and deliver the defendant to the United States marshal for that district, or to another officer authorized to receive the defendant. The marshal or officer in the charging district should immediately notify the United States attorney and the clerk of court for that district of the defendant's arrival so that further proceedings may be promptly scheduled. The clerk of this district must promptly transmit the papers and any bail to the charging district.

Date: 09/28/2026

[signature]
*Judge's signature*

JOHN K. LARKINS III, U.S. MAGISTRATE JUDGE
*Printed name and title*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA

USA, Plaintiff(s)

V.

JAMEL ALLEN SMALL, Defendant(s)

Case No. 1:26-mj-1009-JKL

## NOTICE OF FILING OF OFFICIAL TRANSCRIPT

Notice is hereby given that an official transcript of a proceeding has been filed by the court reporter/transcriber in the above-captioned matter. Counsel/Parties have twenty-one (21) days from the date of delivery of the transcript to the Clerk to file with the Court a Request for Redaction of this transcript. If no Request for Redaction is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar days.

Any counsel or party needing a copy of the transcript to review for redaction purposes may purchase a copy from the court reporter/transcriber or view the document at the Clerk's Office public terminal.

10/1/2026 — Date
Shannon R. Welch, RMR, CRR — Court Reporter

## VERIFICATION OF FINANCIAL ARRANGEMENTS

Proceeding Type: FTR DETENTION HEARING

Proceeding Date: 9/25/2026

Volume Number:

Notice is hereby given that financial arrangements for a copy of the transcript have been made with the following individual(s): MICHAEL MURTHA

as counsel/party in this case. He/She is to be provided with remote access to the transcript via CM/ECF and PACER.

10/1/2026 — Date
Shannon R. Welch, RMR, CRR — Court Reporter