# U.S. District Court
# Southern District of Florida (Ft Lauderdale)
# CRIMINAL DOCKET FOR CASE #: 0:26−mj−06629−DSW−1

Case title: USA v. Terrence Dudley

Date Filed: 10/30/2026

Date Terminated: 11/09/2026

Assigned to: Magistrate Judge
Detra Shaw−Wilder

**Defendant (1)**

| | | |
|---|---|---|
| **Terrence Dudley**<br>04550−513<br>*YOB 1978; English*<br>*TERMINATED: 11/09/2026*<br>*also known as*<br>Willy Watkins<br>*TERMINATED: 11/09/2026*<br>*also known as*<br>Brian Faceman<br>*TERMINATED: 11/09/2026* | represented by | **Noticing FPD−FTL**<br>(954) 356−7436<br>Email: ftl_ecf@fd.org<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br>*Designation: Public Defender Appointment* |

| **Pending Counts** | **Disposition** |
|---|---|
| None | |

**Highest Offense Level (Opening)**

None

| **Terminated Counts** | **Disposition** |
|---|---|
| None | |

**Highest Offense Level (Terminated)**

None

| **Complaints** | **Disposition** |
|---|---|
| 18 U.S.C. § 1349 CONSPIRACY TO COMMIT WIRE FRAUD AND BANK FRAUD | |

**Plaintiff**

**USA** represented by **M. Catherine Koontz**
United States Attorney's Office
Fort Lauderdale, FL
954−660−5940
Email: Catherine.Koontz@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

| Date Filed | # | Docket Text |
|---|---|---|
| 10/30/2026 | 1 | Magistrate Judge Removal of Indictment from Northern District of Texas Case number in the other District 26cr−548 as to Terrence Dudley (1). (smy) (Main Document 1 replaced on 11/2/2026) (smy). (Main Document 1 replaced on 11/2/2026) (smy). (Entered: 11/02/2026) |
| 11/02/2026 | 2 | NOTICE OF HEARING as to Terrence Dudley Initial Appearance − Rule 5(c)(3)/40 set for 11/2/2026 11:00 AM in Fort Lauderdale Division before FTL Duty Magistrate Judge. (smy) (Entered: 11/02/2026) |
| 11/02/2026 | 3 | **ORE TENUS** MOTION to Unseal Case by USA as to Terrence Dudley. (smy) (Entered: 11/02/2026) |
| 11/02/2026 | 4 | ORDER granting 3 Motion to Unseal Case as to Terrence Dudley (1). Signed by Magistrate Judge Detra Shaw−Wilder on 11/2/2026. *See attached document for full details.* (smy) (Entered: 11/02/2026) |
| 11/02/2026 | 5 | Minute Order for proceedings held before Magistrate Judge Detra Shaw−Wilder: Initial Appearance in Rule 5(c)(3)/Rule 40 Proceedings as to Terrence Dudley held on 11/2/2026. Date of Arrest or Surrender: 11/2/2026. ( Detention Hearing set for 11/6/2026 09:00 AM in Fort Lauderdale Division before FTL Duty Magistrate Judge., Removal Hearing set for 11/6/2026 09:00 AM in Fort Lauderdale Division before FTL Duty Magistrate Judge.),<br><br>It is ORDERED AND ADJUDGED that pursuant to the Due Process Protections Act, the Court confirms the United States obligation to disclose to the defendant all exculpatory evidence− that is, evidence that favors the defendant or casts doubt on the United States case, as required by ***Brady v. Maryland***, 373 U.S. 83 (1963) and its progeny, and ORDERS the United States to do so. The government has a duty to disclose any evidence that goes to negating the defendants guilt, the credibility of a witness, or that would reduce a potential sentence. The defendant is entitled to this information without a request. Failure to disclose exculpatory evidence in a timely manner may result in consequences, including, but not limited to, exclusion of evidence, adverse jury instructions, dismissal of charges, contempt proceedings, disciplinary action, or sanctions by the Court. Attorney added: Noticing FPD−FTL for Terrence Dudley (Digital 11:11:41/11:14:09) Signed by Magistrate Judge Detra Shaw−Wilder (smy) (Entered: 11/02/2026) |
| 11/02/2026 | 6 | **ORE TENUS** MOTION to Appoint Counsel by Terrence Dudley. (smy) (Entered: 11/02/2026) |
| 11/02/2026 | 7 | PAPERLESS ORDER granting 6 Motion to Appoint Counsel as to Terrence Dudley (1). Signed by Magistrate Judge Detra Shaw−Wilder on 11/2/2026. (smy) (Entered: 11/02/2026) |

| | | |
|---|---|---|
| 11/02/2026 | 8 | **ORE TENUS** MOTION for Pretrial Detention (PTD) Hearing by USA as to Terrence Dudley. (smy) (Entered: 11/02/2026) |
| 11/02/2026 | 9 | PAPERLESS ORDER granting 8 Motion for Pretrial Detention (PTD) Hearing as to Terrence Dudley (1). Signed by Magistrate Judge Detra Shaw−Wilder on 11/2/2026. (smy) (Entered: 11/02/2026) |
| 11/02/2026 | 10 | **ORE TENUS** MOTION to Continue Pretrial Detention (PTD) Hearing by Terrence Dudley. (smy) (Entered: 11/02/2026) |
| 11/02/2026 | 11 | PAPERLESS ORDER granting 10 Motion to Continue Pretrial Detention (PTD) Hearing as to Terrence Dudley (1). Signed by Magistrate Judge Detra Shaw−Wilder on 11/2/2026. (smy) (Entered: 11/02/2026) |
| 11/02/2026 | 12 | WAIVER of Rule 5(c)(3)/Rule 40 Hearing by Terrence Dudley (smy) (Entered: 11/02/2026) |
| 11/02/2026 | 13 | Invocation of Right to Silence and Counsel by Terrence Dudley (Wallace, Wesley) (Entered: 11/02/2026) |
| 11/06/2026 | 14 | Minute Order for proceedings held before Magistrate Judge Detra Shaw−Wilder: Detention Hearing as to Terrence Dudley held on 11/6/2026. Witness Agent Rodney Sankar testified, Tranika Mason defendant's sister testified., Removal Hearing as to Terrence Dudley held on 11/6/2026. The court grants the government's ore tenus motion for Pretrial Detention, based on the risk of flight. Order to follow. (Digital 9:10:18−10:20:50) (Signed by Magistrate Judge Detra Shaw−Wilder on 11/6/2026). (at) (Entered: 11/06/2026) |
| 11/06/2026 | 15 | **ORE TENUS** MOTION for Pretrial Detention (PTD) by USA as to Terrence Dudley. (at) (Entered: 11/06/2026) |
| 11/06/2026 | 16 | PRETRIAL DETENTION ORDER as to Terrence Dudley (1). Signed by Magistrate Judge Detra Shaw−Wilder on 11/6/2026. *See attached document for full details.* (yeh0) (Entered: 11/09/2026) |
| 11/09/2026 | 17 | COMMITMENT TO ANOTHER DISTRICT as to Terrence Dudley. Defendant committed to NORTHERN DISTRICT OF TEXAS (DALLAS DIVISION). Closing Case for Defendant. (Signed by Magistrate Judge Detra Shaw−Wilder on 11/6/2026). *(See attached document for full details).* (at) (Entered: 11/09/2026) |

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA
Plaintiff

vs **Case No: 26-MJ-6629-DSW**

Terrance Cornell Dudley,

Defendant

**ORDER**

THIS CAUSE is before the Court for the **INITIAL APPEARANCE** of the above-named defendant(s) on a **SEALED INDICTMENT** filed in the Southern **District of Florida**.

UPON ORAL motion of the government in open court that the case be unsealed, it is hereby:

ORDERED AND ADJUDGED that the **SEALED INDICTMENT** filed in the Southern **District of** Florida be **unsealed as to Terrance Cornell Dudley.**

DONE AND ORDERED at Fort Lauderdale, Florida this 2nd day of November, 2026.

DETRA SHAW-WILDER
UNITED STATES MAGISTRATE JUDGE

cc: All Counsel of Record

# COURT MINUTES/ORDER

## United States Magistrate Judge Detra Shaw-Wilder

**COURTROOM 203D** Date: 11/2/2026 Time: 11:00 AM

Defendant: Terrance Cornell Dudley (J) J#: 04550-513 Case #: 26-Mj-6629-DSW

AUSA: **Catherine Koontz** Attorney: **AFPD – Peter Patanzo**

Violation: Conspiracy to Commit Wire Fraud and Bank Fraud

Proceeding: Initial Appearance / Rule 5 c3 / 40 CJA Appt:

Bond/PTD Held: ○ Yes ● No Recommended Bond: Pretrial Detention

Bond Set at: Co-signed by:

Language: English

☐ Surrender and/or do not obtain passports/travel docs

☐ Report to PTS as directed/or ________x's a week/month by phone: ______x's a week/month in person

☐ Random urine testing by Pretrial Services ________________ Treatment as deemed necessary

☐ Refrain from excessive use of alcohol/drugs

☐ Participate in mental health assessment & treatment

☐ Maintain or seek full-time employment/education

☐ No contact with victims/witnesses/

☐ No firearms

☐ Not to encumber property

☐ May not visit transportation establishments

☐ Home Confinement/Electronic Monitoring and/or Curfew ________ pm to ________ am, paid by ____________

☐ Allowances: Medical needs, court appearances, attorney visits, religious, employment

☐ Travel extended to:

☐ Other:

**Disposition:**

Defendant present and advised of rights and charges. Government's Ore Tenus motion to unseal as to Defendant – Granted. Defendant sworn, given colloquy – determined indigent. Defendant's Ore Tenus motion to appoint counsel – Granted. AFPD appointed. Government's Ore Tenus motion for PTD (Hrg) - Granted. Defense's Ore Tenus motion to continue PTD hearing – Granted. **Brady Order given today.** Waiver of Removal signed.

| **NEXT COURT APPEARANCE** | **Date:** | **Time:** | **Judge:** | **Place:** |
|---|---|---|---|---|
| Report Re: Counsel: | | | | |
| **PTD/Probable Cause:** | **11/6/26 at 9:00 am FTL DUTY** | | | |
| **Prelim/Arraignment:** | | | | |
| Extradition hearing: | | | | |

D.A.R. 11:11:41/11:14:09 Time in Court: 13 minutes

**CHECK IF APPLICABLE: __For the reasons stated by counsel for the Defendant and finding that the ends of justice served by granting the ore tenus motion for continuance to hire counsel outweigh the best interests of the public & the Defendant in a Speedy Trial, the Court finds that the period of time from today, through and including ____, shall be deemed excludable in accordance with the provisions of the Speedy Trial Act, 18 USC 3161 et seq..**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 26-MJ-6629-DSW

UNITED STATES OF AMERICA,
Plaintiff,

vs.

**WAIVER OF REMOVAL HEARING**

Terrance Cornell Dudley
Defendant.
_______________________________/

I, Terrance Cornell Dudley, charged in a proceeding pending in the Conspiracy to Commit Wire Fraud and Bank Fraud and having been arrested in the Southern District of Florida and taken before **Detra Shaw-Wilder**, a United States Magistrate Judge for that district, who informed me of the charge and of my right to retain counsel or request the assignment of counsel if I am unable to retain counsel, and to have a hearing or execute a waiver thereof, do hereby waive a hearing before the aforementioned magistrate and consent to the issuance of a warrant/order for my removal to the Northern District of Texas-Dallas Division where the aforesaid charge is pending against me.

**DONE** and **ORDERED** at Miami, Florida this 2nd day of November, 2026.

_______________________________
Witness

_______________________________
Signature of Defendant

_______________________________
**DETRA SHAW-WILDER**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 26-06629-MJ-SHAW-WILDER

UNITED STATES OF AMERICA,

Plaintiff,

vs.

TERRENCE DUDLEY,

Defendant.
____________________________________/

**DEFENDANT'S INVOCATION OF RIGHT TO SILENCE AND COUNSEL**

The defendant named above does hereby invoke his rights to remain silent and to counsel with respect to any and all questioning or interrogation, regardless of the subject matter, including, but not limited to: matters that may bear on or relate to arrest, searches and seizures, bail, pretrial release or detention, evidence at trial, guilt or innocence, forfeitures; or that may be relevant to sentencing, enhanced punishments, factors applicable under the U.S. Sentencing Guidelines, restitution, immigration status or consequences resulting from arrest or conviction; appeals or other post-trial proceedings.

The defendant requests that the U.S. Attorney ensure that this invocation of rights is honored, by forwarding a copy of it to all law enforcement agents, government officials, or employees associated with the investigation of any matters

relating to the defendant. Any contact with the defendant must be made through the defendant's lawyer, undersigned counsel.

I HEREBY certify that on November 2, 2026, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served on this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive Notices of Electronic Filing electronically.

Respectfully submitted,

HECTOR A. DOPICO
FEDERAL PUBLIC DEFENDER

By: /s/ *Wesley Wallace*

Wesley D. Wallace
Assistant Federal Public Defender
Florida Bar No. 1025775
One East Broward Boulevard, Suite 1100
Fort Lauderdale, Florida 33301
Tel: 954-356-7436
E-Mail: Wesley_Wallace@fd.org
Attorney for Defendant

# COURT MINUTES/ORDER

## United States Magistrate Judge Detra Shaw-Wilder

**COURTROOM 203D** Date: 11/6/2026 Time: 9:00 AM

Defendant: Terrance Cornell Dudley (J) J#: 04550-513 Case #: 26-Mj-6629-DSW

AUSA: **Catherine Koontz** Attorney: **AFPD – Wesley Wallace for Peter Patanzo**

Violation: Conspiracy to Commit Wire Fraud and Bank Fraud

Proceeding: Detention/Removal CJA Appt: ______

Bond/PTD Held: ◯ Yes ◉ No Recommended Bond: Pretrial Detention

Bond Set at: ______ Co-signed by: ______

☐ Surrender and/or do not obtain passports/travel docs

☐ Report to PTS as directed/or ______ x's a week/month by phone: ______ x's a week/month in person

☐ Random urine testing by Pretrial Services ______ Treatment as deemed necessary

☐ Refrain from excessive use of alcohol/drugs

☐ Participate in mental health assessment & treatment

☐ Maintain or seek full-time employment/education

☐ No contact with victims/witnesses/

☐ No firearms

☐ Not to encumber property

☐ May not visit transportation establishments

☐ Home Confinement/Electronic Monitoring and/or Curfew ______ pm to ______ am, paid by ______

☐ Allowances: Medical needs, court appearances, attorney visits, religious, employment

☐ Travel extended to: ______

☐ Other: ______

Language: English

Disposition:
Defendant present. Detention/ Removal hearing held. Government's composite exhibit #1 admitted into evidence. Witnesses Agent Rodney Sankar and Tranika Mason (Deft's sister) sworn and testified. The Government and Defense gave oral argument and closing statements/proffers. Having heard both, the Court grants the Government's Ore Tenus motion for Pretrial Detention – based on the risk of flight. Order to follow.

| **NEXT COURT APPEARANCE** | **Date:** | **Time:** | **Judge:** | **Place:** |
|---|---|---|---|---|
| Report Re: Counsel: | | | | |
| **PTD/Probable Cause:** | | | | |
| Prelim/Arraignment: | | | | |
| Extradition hearing: | | | | |

D.A.R. 9:10:18/10:20:50 Time in Court: 1 hour 10 minutes

**CHECK IF APPLICABLE: __For the reasons stated by counsel for the Defendant and finding that the ends of justice served by granting the ore tenus motion for continuance to hire counsel outweigh the best interests of the public & the Defendant in a Speedy Trial, the Court finds that the period of time from today, through and including ____, shall be deemed excludable in accordance with the provisions of the Speedy Trial Act, 18 USC 3161 et seq..**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 26-mj-6629-DSW**

**UNITED STATES OF AMERICA,**

v.

**TERRENCE DUDLEY,**

Defendant.
_________________________________________/

## PRE-TRIAL DETENTION ORDER

Pursuant to the Bail Reform Act of 1984, 18 U.S.C. § 3141, *et seq.*, the Court held a hearing on November 6, 2026, to determine whether to detain Defendant Terrence Dudley ("Mr. Dudley" or "Defendant"). The United States of America (the "Government") moved for pretrial detention on the grounds that Mr. Dudley poses a serious risk of flight or nonappearance.

Having considered the record evidence, the Pretrial Services Report, and the factors enumerated in 18 U.S.C. § 3142(g), the Court finds that no condition or combination of conditions of release will reasonably assure Defendant's appearance. As such, the Court **GRANTS** the Government's Motion for Pretrial Detention and **ORDERS** that Defendant Terrence Dudley be detained before and until the conclusion of trial.

Pursuant to 18 U.S.C. § 3142(i), the Court makes the following factual findings and statement of the reasons for detention:

## I. BACKGROUND

Defendant was charged by way of Indictment in the Northern District of Texas with conspiracy to commit wire fraud and bank fraud under 18 U.S.C. § 1349 and five counts of bank fraud under 18 U.S.C. § 1344(2). [ECF No. 1 ("Indictment")]. According to the Indictment, from

at least July 2023 through November 2024, Defendant and several co-defendants engaged in a nationwide bank account takeover conspiracy. Defendant's role in the conspiracy was to act as the counterfeit document vendor.

In addition to the Indictment, the Court has considered the lengthy factual proffer read into the record by the Government, the Pretrial Services Report, and the testimony of Agent Rodney Sankar of the State Department, who was called by the Government and cross-examined by the defense on this proffered testimony. The Court has also considered Government's Composite Exhibit 1 and the testimony of Defendant's sister.

The evidence shows that Defendant used two aliases during the alleged conspiracy and created counterfeit documents. When a search warrant was executed at the office space where Defendant was allegedly living, law enforcement found counterfeit documents, printing supplies, printers for counterfeit IDs, credit cards in various names, counterfeit Social Security cards, and real IDs from other individuals. Additionally, the Government has recovered Telegram posts that talk about the scope of Defendant's printing operation and how much he charged. At the time of his arrest, Defendant gave a post-*Miranda* statement in which he admitted to his involvement in the conspiracy.

## II. LEGAL STANDARD

The Bail Reform Act provides that a defendant "shall be released unless" a detention hearing is authorized, and the government proves "that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(b), (c), (e), (f). Release pending trial is the norm and "detention prior to trial or without trial is the carefully limited exception." *United States v. Salerno*, 481 U.S. 739, 755 (1987). "Pretrial detention is to be the exception rather than the rule… and is

hedged around with procedural requirements designed to limit its use to those instances when it is clearly necessary." *United States v. Holloway*, 781 F.2d 124, 125-126 (8th Cir. 1986).

**A. The Government's Burden of Persuasion**

A finding that no condition or combination of conditions will reasonably assure a defendant's attendance must be supported by a preponderance of the evidence. *See United States v. King*, 849 F.2d 485, 489 (11th Cir. 1988).

**B. The Applicable § 3142(g) Factors**

To determine whether the Government has met its burden to prove that no conditions or combination of conditions of release will reasonably assure the Defendant's appearance as required and the safety of the community, this Court must consider available information concerning four factors:

1. the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;

2. the weight of the evidence against the person;

3. the history and characteristics of the person, including—
    a. the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

    b. whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

4. the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g)(1)-(4).

## III. ANALYSIS

The Court must first determine whether the Government has established by a preponderance of the evidence that Defendant presents a serious risk of flight or nonappearance if released pretrial and that there are no conditions or combination of conditions which will reasonably assure the appearance of Defendant as required.

Mr. Dudley is charged with a serious offense. A grand jury has found probable cause to charge Defendant and his co-defendants with defrauding approximately 75 victims out of approximately $373 million. He is facing up to 30 years in prison. Based on the testimony of Agent Sankar, which supplements the Indictment, the Court finds that the weight of the evidence against Mr. Dudley is strong and, like the nature of the offense, weighs in favor of detention.

As to the other factors that this Court must consider, according to the Pretrial Services Report, Defendant has a lengthy criminal history. He has been convicted of grand theft auto, possession of burglary tools, theft, grand theft, passing forged documents, possession of marijuana, credit card forgery, fraudulent use of a credit card, criminal use of personal identifying information, financial identity fraud, and financial transaction card fraud. Prior to his arrest in this case, Defendant was released on bond for a state court battery/cause bodily harm charge, which remains pending.

Next, while Defendant is a lifelong resident of South Florida and owns a tattoo shop locally, the Court cannot determine the quality of his ties to the South Florida community or whether he has a stable residence. Further, the Court did not receive any further evidence that would provide insight into Defendant's character.

Here, in light of the strong weight of the evidence and serious charges, Defendant's post-*Miranda* admission, Defendant's substantial criminal history, the fact that Defendant is currently

on bond for a state criminal offense, his past participation in fraud and charges involving ID theft, his ability to create aliases and fraudulent IDs, and his likely access to a substantial amount of cash with which he could flee, the Government has established by a preponderance of the evidence that Defendant presents a serious risk of flight or nonappearance if released and that there are no conditions or combination of conditions which will reasonably assure the appearance of Defendant as required.

## IV. CONCLUSION

For the reasons stated more fully on the record at the Detention Hearing and summarized above, the Court finds that the Government has met its burden to prove that pretrial detention of Mr. Dudley is appropriate and required. Nothing in this Order shall be construed as limiting Mr. Dudley's presumption of innocence.

Accordingly, the Court hereby **DIRECTS**:

1. That Defendant be committed to the custody of the United States Marshal Service for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;
2. That Defendant be afforded a reasonable opportunity for private consultation with counsel; and
3. That, on order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which Defendant is confined deliver Defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

**DONE and ORDERED** in Chambers in Fort Lauderdale, Florida, on this 6th day of November 2026.

**DETRA SHAW-WILDER**
**UNITED STATES MAGISTRATE JUDGE**

cc: All Counsel of Record
Pretrial Services (Ft. Lauderdale)

1 AO 94 (Rev. 8/97) Commitment to Another District

# UNITED STATES DISTRICT COURT

SOUTHERN District of FLORIDA

UNITED STATES OF AMERICA
vs.
Terrance Cornell Dudley

**COMMITMENT TO ANOTHER DISTRICT**

**26-MJ-6629-SHAW-WILDER**

| DOCKET NUMBER | | MAGISTRATE JUDGE CASE NUMBER | |
|---|---|---|---|
| District of Arrest | District of Offense | District of Arrest | District of Offense |
| NORTHERN DISTRICT OF TEXAS-DALLAS DIVISION | 3-26CR-548-B | SOUTHERN DISTRICT OF FLORIDA | 26-MJ-6629-DSW |

**CHARGES AGAINST THE DEFENDANT ARE BASED UPON AN**

x Indictment ☐ Information Complaint ☐ WARRANT

**charging a violation of** 18 U.S.C. § 1349/1343/1344(2)/1028A/982(a)(2)/1028(b)

**DISTRICT OF OFFENSE:**

**NORTHERN DISTRICT OF TEXAS – DALLAS DIVISION**

**CONSPIRACY TO COMMIT WIRE FRAUD AND BANK FRAUD/BANK FRAUD/WIRE FRAUD/AGGRAVATED IDENTITY THEFT**

**CURRENT BOND STATUS:**

☐ Bail fixed at and conditions were not met
☒ Government moved for detention and defendant detained after hearing in District of Arrest
☐ Government moved for detention and defendant detained pending detention hearing in District of Offense
Other (specify)

**Representation:** ☐ Retained Own Counsel X Federal Defender Organization ☐ CJA Attorney ☐ None

**Interpreter Required?** ☐ YES Language: **ENGLISH**

**SOUTHERN DISTRICT OF FLORIDA**

TO: THE UNITED STATES MARSHAL

You are hereby commanded to take custody of the above named defendant and to transport that defendant with a certified copy of this commitment forthwith to the district of offense as specified above and there deliver the defendant to the United States Marshal for that District or to some other officer authorized to receive the defendant.

11/6/2026
Date

Detra Shaw-Wilder United States Magistrate Judge

**RETURN**

**This commitment was received and executed as follows:**

| DATE COMMITMENT ORDER RECEIVED | PLACE OF COMMITMENT | DATE DEFENDANT COMMITTED |
|---|---|---|
| DATE | UNITED STATES MARSHAL | (BY) DEPUTY MARSHAL |